**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| **DEREK GALLOWAY**, *Individually, and on behalf of himself and others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**BASF CORPORATION**,<br>*a Delaware Corporation*<br><br><br>Defendant. | <br><br><br><br><br><br>Case No.: 3:18-cv-388<br><br><br>Complaint – Class Action<br>FLSA Opt-In Collective Action<br><br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Derek Galloway ("Plaintiff"), individually, and on behalf of himself and all other similarly situated hourly-paid non-exempt BASF Corporation ("Defendant") employees which wore Personal Protective Equipment ("PPE") and/or received bonus pay, shift differential pay, call-back pay, on-call pay or other renumeration in addition to their typical hourly rate, by and through his counsel of record, bring their claims for "off-the-clock" and overtime violations as a Collective and Class Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") against Defendant, and alleges, upon personal belief as to himself and his own acts, and as for all other matters upon information and belief, and based upon the investigation made by his counsel, as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." Representative Plaintiff has signed an opt-in consent to join this lawsuit. (Attached hereto as Exhibit A).

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because Defendant has conducted business within this District during all material times material to this suit, including at its manufacturing facility in Angleton, TX.

## II. PARTIES

4. Plaintiff Derek Galloway, at all times material, worked at one or more of Defendant's production/manufacturing facilities located in Beaumont, Texas during the three-year period immediately preceding the filing of this Complaint, (hereinafter "Violation Period") as an hourly-paid non-exempt PPE-equipped production and manufacturing employee ("Operators") and as an hourly-paid non-exempt employee who received renumeration in addition to his typical hourly rate of pay, either through hour-based incentive payments, such as shift differential pay, or as a bonus paid annually or more frequently ("Miscalculated Employee").

5. Defendant employed Plaintiff and members of the Operator Class, defined below in ¶ 40, as Operators during the Violation Period.

6. Defendant employed Plaintiff and members of the Miscalculation Class, defined below in ¶ 50, as Miscalculated Employees during the Violation Period.

7. Defendant, BASF Corporation, is a Delaware Corporation with its corporate headquarters located at 1209 Orange Street, Wilmington, Delaware, 19801. BASF is a covered employer under the FLSA. According to the Texas Secretary of State, Defendant may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

## III. **FACTUAL BACKGROUND**

8. Plaintiff is an hourly-paid Operator employed by Defendant at Defendant's production and manufacturing facilities in Beaumont, Texas during the Violation Period.

9. Plaintiff estimates that BASF's Beaumont facility currently employs between 100 and 120 Operators.

10. Plaintiff is also of former Miscalculated Employee of Defendant who worked at one or more of Defendant's production/manufacturing facilities in Beaumont, Texas, during the Violation Period.

11. At all times material herein, Plaintiff was subjected to the same FLSA violations, as described hereinafter, as Defendant's other Operators and Miscalculated Employees.

12. Defendant routinely scheduled Plaintiff and other Operators and Miscalculated Employees to work at least forty (40) hours per week.

13. In general, Plaintiff and other Operators were scheduled to work three, twelve-hour shifts one week followed by four, twelve-hour shifts the next week, or a 36/48 shift schedule.

### **PPE Employees Worked "Off-The-Clock"**

14. Plaintiff and other Operators worked "off-the-clock," outside their regularly scheduled hours, during the Violation Period without receiving compensation for such "off-the-clock" work, as required by the FLSA.

15. Some of the uncompensated "off-the-clock" work performed by Plaintiff and similarly situated employees consisted of:

    (a) being required, induced, forced, encouraged, expected and/or, suffered or permitted, to perform work duties at their workplace before and after being clocked in/out of their regularly scheduled shifts;

    (b) being required, induced, forced, encouraged, expected and/or, suffered or permitted, to "don" personal protective equipment (PPE) before clocking in to their regularly scheduled shifts, without being compensated for such "donning" time;

    (c) being required, induced, forced, encouraged, expected and/or, suffered or permitted, to "doff" personal protective equipment (PPE) after clocking-out of their regularly scheduled shifts, without being compensated for such "doffing" time;

    (d) being required, induced, forced, encouraged, expected and/or, suffered or permitted, to shower in order to remove job-related toxic, corrosive and potentially carcinogenic substances from their bodies after clocking-out of their regularly scheduled shifts, without being compensated for such "showering" time;

    (e) being required, induced, forced, encouraged, expected an/or, suffered or permitted to "make relief" at the beginning of each shift. "Making relief" is a procedure where Operators going on-shift discussed the current state of plant operations with those

        Operators going off-shift, which Plaintiff estimates took at least fifteen (15) minutes;

    (f)    being subjected to Defendant's shift-pay policy in which Defendant's compensated Plaintiff and other Operators only for those hours they were scheduled to work, to the exclusion of time spent donning and doffing PPE.

16. Defendant has had actual as well as constructive knowledge of the above enumerated "off-the-clock" claims, but has not adequately addressed such FLSA violations during the Violations Period.

17. Upon information and belief, all of BASF's PPE equipped employees changed at one of several "change rooms" or "change houses."

18. Upon information and belief, the DMTA change room was approximately a 3-4 minute walk from the parking lot, but was adjacent to the area where the Operators using the DMTA change room worked.

19. Upon information and belief, the dicamba/maintenance change room, which was approximately 5-7 minutes from the parking lot and approximately 3-4 minutes from where the Operators using the dicamba/maintenance change room worked.

20. Upon information and belief, the millwrights change room, which was primarily used by maintenance workers, was located in the maintenance building.

21. Operators PPE was stored on site.

22. Operators were required to change out of their work clothes after each shift.

23. Operators worn clothes were collected on site for laundering off site by BASF's contractors.

24. Operators donned PPE and "made relief" before the start of their shift and doffed PPE and/or showered after the end of their shift, all without compensation for such time.

25. Upon information and belief, BASF compensated its maintenance workers 30 minutes to account for doffing and showering time at the end of their shifts, but did not compensate maintenance workers for donning time at the beginning of their shifts.

26. Plaintiff and other Operators' "off-the-clock" work benefitted Defendant by providing Defendant with a workforce that was both compliant with state and federal safety standards and more productive during the time actually compensated by Defendant than they would have been had Defendant paid Plaintiff and other Operators for all time performing compensable work.

27. The net effect of Defendant's plan, policy and practice of not paying Plaintiff and other Operators for such "off-the-clock" work, including not compensating Plaintiff and other Operators for all such related overtime work, was a scheme to save payroll costs and payroll taxes for which it has enjoyed ill-gained profits at the expense of Plaintiff and members of the collective classes defined below (together, the "Collective Class Members").

28. Considering Plaintiff and Collective Class Members worked forty or more hours during weekly pay periods of the Violation Period for Defendant, had Plaintiff and other Operators been properly compensated for all "off-the-clock" work, such work time would have been added to their pay and treated as overtime compensation under the FLSA.

## **Defendant Failed to Keep Accurate Time Records**

29. Defendant failed to accurately record actual hours worked by its Operators as required by the FLSA, 29 C.F.R. §516.2(a)(7).

30. Instead of accurately recording all time worked by Plaintiff and other Operators, Defendant willfully required, induced, forced, encouraged, expected and/or, suffered or permitted, its Operators to perform tasks and work additional time in excess of forty (40) hours per week during weekly pay periods of the Violation Period, for which all such hours were not recorded.

31. Defendant knew, and was aware at all times, that it was not recording all of its Operators' work hours.

32. Defendant required, induced, forced, encouraged, expected and/or, suffered or permitted, its Operators to perform uncompensated work and was aware at all times that Operators performed such work.

## Defendant Miscalculated Plaintiff's Regular Rate

33. During the relevant time period, Defendant had a common plan, policy and practice of not compensating Plaintiff and other Miscalculated Employees the correct overtime rate for all hours worked by failing to include all renumeration in their weekly-determined regular rate required under the FLSA. As a result of Defendant's unlawful practices, it benefited from reduced labor and payroll costs.

34. Specifically, Defendant failed to fully compensate Plaintiff and other Miscalculated Employees by impermissibly excluding non-discretionary bonuses (including retention bonuses), performance bonuses (or PDR bonuses, which can be up to 5% of an employee's salary), shift differential pay, call-back pay, on-call pay, and other renumeration either paid beyond their typical hourly rate on a per-hour basis or failing to retroactively pay overtime on a per-week basis for non-discretionary bonuses earned on an other than weekly basis, as well as any other failure to correctly calculate Miscalculated Employees regular rate of pay.

35. Plaintiff's and other Miscalculation Employees claims are unified by a common theory of Defendant's FLSA violations, and, upon information and belief, Defendant directed such policies from its centralized human resources department in New Jersey.

36. As a result of Defendant's improper and willful failure to pay Plaintiff and those similarly situated in accordance with the requirements of the FLSA, they have suffered lost wages, overtime compensation and other damages, for which they are entitled to recover from Defendant.

## IV. **FLSA COLLECTIVE ACTION ALLEGATIONS**

**A. Plaintiff and Similarly Situated Individuals Were Required, Suffered, and/or Permitted to Work "off-the-clock" Since Defendant Did Not Compensate Plaintiff and Similarly Situated Individuals for Time Spent Donning and Doffing PPE, showering or "making relief."**

37. Plaintiff brings this case as a collective action on behalf of himself, individually, and on behalf of himself and others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

38. The proposed collective class of similarly situated persons is defined as:

> "All current and/or former hourly-paid personal protective equipment (PPE) equipped production and manufacturing employees of BASF Corporation ("Operators") who "donned" and "doffed" safety gear and items at any of its production or manufacturing facilities and who were employed by BASF Corporation at its Beaumont, Texas facilities at any time during the applicable limitation's period covered by this Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).

(Collectively the, "Operator Class").

39. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the Operator Class with respect to Defendant's aforementioned compensation and work-related plans, policies and practices.

40. Plaintiff and the Operator Class have been subjected to Defendant's aforementioned common plans, policies and practices of requiring, inducing, forcing, encouraging, expecting and/or, suffering or permitting, its management and supervisory personnel to work Plaintiff and Operator Class Members "off the clock" (including "donning and doffing", "showering" and "rounding off" time) in order to stay within or below its budgeted labor hours, all in violation of the FLSA.

41. Defendant required, induced, forced, encouraged, expected and/or, suffered and permitted, Plaintiff and the Collective Class to work hours during weekly pay periods of the Violation Period without full compensation and, to work more than forty (40) hours per week during weekly pay periods of the Violation Period, without being paid overtime compensation, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.315.

42. Defendant knew Plaintiff and the Operator Class Members performed work that required additional wages to be paid and overtime compensation. Nonetheless, Defendant operated under the aforementioned common plans, policies and practices (schemes) to deprive Plaintiff and the collective class of such wages and overtime compensation.

43. Defendant's conduct, as alleged herein, was willful, without good faith, and has caused significant damage to Plaintiff and the Operator Class.

44. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class for all previously described "off-the-clock" hours.

45. Plaintiff therefore requests this Court to authorize notice to the members of the Collective Class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

46. Plaintiff estimates there are between 100 and 120 current employees in this class but cannot estimate the number of former employees in this class. However, the precise number of collective Collective Class Members can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendant's production and manufacturing plants nationwide.

**B.   Plaintiff and Similarly Situated Individuals Were Incorrectly Compensated for Time Working Over 40 Hours Per-Week Because Defendants Incorrectly Calculated Plaintiff's Regular Rate of Pay.**

47. Plaintiff brings this case as a collective action on behalf of himself, individually, and on behalf of himself and others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

48. The proposed collective class of similarly situated persons is defined as:

> "All current and/or former hourly-paid employees of BASF Corporation, who received shift differential payments, bonuses (including retention bonuses and performance bonuses), call-back, or on-call pay or any other payments or bonuses based on work performed AND worked over 40 hours per week at least once while employed by BASF at its Beaumont, Texas facilities at any time during the applicable limitation's period covered by this Complaint (i.e. two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (the "Miscalculation Class").

49. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the Miscalculation Class with respect to Defendant's aforementioned compensation and work-related plans, policies and practices.

50. Plaintiff and the Miscalculation Class have been subjected to Defendant's aforementioned common plans, policies and practices of failing to include all shift differential, performance bonus, other non-discretionary bonus, and/or other compensation in the Miscalculation Collective Class' regular rate of pay on a weekly basis to determine Plaintiff's overtime rate.

51. Upon information and belief, this common plan or policy, which violates the Fair Labor Standards Act, was disseminated from BASF's centralized human resources division located in New Jersey.

52. Defendant knew it compensated Plaintiff additional wages that should have been included in Plaintiff's regular rate of pay to determine overtime compensation. Nonetheless,

Defendant operated under the aforementioned common plans, policies and practices (schemes) to deprive Plaintiff and the collective class of such overtime compensation.

53. Defendant's conduct, as alleged herein, was willful, without good faith, and has caused significant damage to Plaintiff and the Collective Class.

54. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the Miscalculation Collective Class for all previously described miscalculated overtime payments.

## VI.  CAUSES OF ACTION

### Violation of the Fair Labor Standards Act

55. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

56. Plaintiff and other Operator Class Members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

57. Plaintiff and other Miscalculation Class Members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

58. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

59. Plaintiff and other Operators regularly performed work duties during weekly pay periods of the Violation Period but were not paid for all hours worked and were not paid overtime wages for all overtime work -- all in violation of the FLSA.

60. Plaintiff and other Miscalculated Employees received compensation for work that was unlawfully excluded from their regular rate of pay and therefore not included in their overtime rate.

61. Through its actions and common plans, policies and practices, as aforementioned, Defendant has violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals for all actual hours worked, including for overtime hours worked.

62. Defendant's actions were willful and not in good faith.

63. Defendant has had actual as well as constructive knowledge of its aforementioned "off-the-clock" FLSA violations.

64. Plaintiff and class members' "off-the-clock" claims are unified by a common theory of FLSA statutory violations.

65. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

66. Defendant is liable to Plaintiff and other members of the Collective Class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and those similarly situated employees described herein demand the Court to enter judgment in their favor on this First Amended Complaint and:

(a) Award judgment in favor of Plaintiff and similarly situated employees against Defendant for an amount equal to Plaintiff's and the Collective Class members' unpaid back wages pursuant to the applicable FLSA overtime rates;

(b) Find and declare that Defendant's violations of the FLSA were willful and, accordingly, the three-year statute of limitations under the FLSA applies to this action;

(c) Award Plaintiff and members of the Collective Class liquidated damages in accordance with the FLSA;

(d) Award Plaintiff and the Collective Class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

(e) Award pre and post-judgment interest and court costs as further allowed by law;

(f) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and,

(g) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

Dated: November 14, 2018

                                            Respectfully submitted,

                                            */s/ Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
JACKSON, SHIELDS, YEISER & HOLT
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*

**ATTORNEYS FOR PLAINTIFF**

*Pro Hac Vice pending*

**OF COUNSEL:**

Nitin Sud
State Bar No. 24051399
Fed. ID No. 611307
6750 West Loop South
Suite 920
Bellaire, Texas 77401
Phone: 832-623-6420
Fax: 832-304-2552
Email: nsud@sudemploymentlaw.com